UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT BARTON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | 2:17-CV-618-SLB |
| ) | |
| **NATIONWIDE MUTUAL FIRE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on an order from the Eleventh Circuit Court of Appeals, remanding this case solely "for the limited purpose of determining the citizenship of the parties, to establish whether diversity citizenship existed." (Doc. 83 at 2).[1] This court entered an Order to Show Cause directing the Plaintiffs to show whether diversity jurisdiction exists in this case. (Doc. 84). For the reasons set forth below, the court finds that the Plaintiffs have failed to show that diversity jurisdiction exists.

### I.   BACKGROUND

On April 17, 2017, Plaintiffs Robert and Mindy Barton filed a complaint in

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

1

this court against Stacy Alliston Design and Building, Inc. ("SADB") and Nationwide Mutual Fire Insurance Company ("Nationwide"), seeking recovery from insurer Nationwide for a $900,000 state court judgment against SADB—Nationwide's insured. (Doc. 1). The Bartons invoked this court's diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 2). The Bartons alleged in the complaint that they were residents of Alabama, that SADB was "a domestic corporation licensed to do and doing business in Jefferson County, Alabama," and that Nationwide was "an Ohio corporation that does business in Alabama." (*Id.* at 2).

Before the case was reassigned to the undersigned, this court spoke to the issue of diversity jurisdiction on one occasion as the case proceeded. The court realigned SADB as a plaintiff rather than a defendant because both SADB and the Bartons effectively sought recovery from Nationwide, and, thus, had aligned interests. (Doc. 21). In that Order, the court passingly stated, without going into extensive detail or setting forth the specific factual allegations supporting the citizenship of the parties, that diversity jurisdiction existed because the Plaintiffs were all citizens of Alabama and Nationwide was a citizen of Ohio. (*Id.* at 2).

The case continued through summary judgment and to a bench trial, after which this court granted judgment in favor of Nationwide. (Doc. 77). The Bartons appealed the judgment to the Eleventh Circuit Court of Appeals. (Doc. 78).

Before reaching the merits of the appeal, however, the Eleventh Circuit remanded the case to this court "for the limited purpose of determining the citizenship of the parties, to establish whether diversity citizenship existed." (Doc. 83 at 2). The Eleventh Circuit noted that "the allegations in the complaint were insufficient to establish the citizenship of the Bartons, co-plaintiff Stacy Alliston Design and Building, Inc., and Nationwide at the time that it was filed." (*Id.* at 1). This court then entered an Order to Show Cause, requiring the Plaintiffs to show cause in writing and through the production of evidence why the court had diversity jurisdiction over this case. (Doc. 84).

Plaintiffs Robert and Mindy Barton filed a response asserting that the record shows that complete diversity exists in this case. (Doc. 85). They argue that this court has already found that diversity jurisdiction exists, further asserting that the record supports that finding because the record shows that the Bartons reside in Alabama and intend to remain there. (*Id.* at 2–5). The Bartons also attached a Proposed First Amended Complaint that they say "specifically and properly alleges the 'citizenship' of all the parties"; they request leave to amend their complaint if necessary. (*Id.* at 5–6).

The proposed First Amended Complaint attached by the Bartons alleges that the Bartons reside in Alabama, intend to remain in Alabama, are domiciled in Alabama, and are citizens of Alabama. (Doc. 85-3 at 2). The Amended Complaint

3

also alleges that SADB is a citizen of Alabama that was incorporated in Shelby County, Alabama, and that has a registered office in Sterrett, Alabama.  (*Id.* at 2–3).  As for Nationwide, the Amended Complaint alleges that Nationwide is a citizen of Ohio, stating that Nationwide was incorporated in Columbus, Ohio, and has a "principal address" in Columbus, Ohio.  (*Id.* at 3).  The Bartons included business entity information from the Alabama Secretary of State's Office with both their response and the proposed Amended Complaint.  (Doc. 85-1); (Doc. 85-2); (Doc. 85-3 at 8–9).  The information from the Alabama Secretary of State shows that SADB was incorporated in Shelby County, Alabama, in August 2000, then was dissolved in December 2015, and had a principal address in Sterrett, Alabama.  (Doc. 85-1); (Doc. 85-3 at 8).  The Secretary of State information shows that Nationwide was incorporated in Ohio in 1933 and has a "principal address" in Columbus, Ohio.  (Doc. 85-2); (Doc. 85-3 at 2).

    Nationwide did not file a reply.

## II.    STANDARD OF REVIEW

    Federal jurisdiction is premised on either a federal question or diversity of citizenship.  *See* 28 U.S.C. §§ 1331, 1332.  Pursuant to 28 U.S.C. § 1332, a district court has diversity jurisdiction over civil actions where there is complete diversity of citizenship between plaintiffs and defendants, among other requirements.  Complete diversity requires that "every plaintiff must be diverse from every

4

defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Diversity jurisdiction is determined at the time a complaint is filed. *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

If a plaintiff asserts diversity jurisdiction, the plaintiff "has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). Thus, the plaintiff "must allege facts that, if true, show federal subject matter jurisdiction over her case exists." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Those jurisdictional allegations "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.*

Individual citizenship is determined by a person's domicile, which requires both residence in a place and the intention to remain there indefinitely. *Travaglio*, 735 F.3d at 1269. Residence alone, as opposed to domicile, does not convey citizenship for the purposes of establishing diversity jurisdiction. *Id.*

Unlike an individual, a corporation is a citizen for the purposes of diversity jurisdiction in both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Supreme Court has held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz*

5

*Corp. v. Friend*, 559 U.S. 77, 80 (2010).  In *Hertz*, the Supreme Court adopted a "nerve-center" test to determine the single place where a corporation has its principal place of business, noting that a corporation's principal place of business will typically be where the corporation maintains its headquarters, "provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings."  *Id.* at 92–93.  The Supreme Court commented in *Hertz* that it rejected the idea that "the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"  *Id.* at 97.  Considering *Hertz*, the Eleventh Circuit has held that, without more, an allegation of a corporation's "Principal Office Address" as listed with a state's Secretary of State is insufficient to allege a principal place of business under the "nerve center" test to establish diversity jurisdiction.  *Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 758 (11th Cir. 2015).

     Where pleadings do not sufficiently allege facts to support jurisdiction, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  Additionally, the court can look to record evidence to cure defective allegations of citizenship for the purposes of diversity jurisdiction.  *Travaglio*, 735 F.3d at 1269.  Where a court cannot find clearly

6

alleged diversity of citizenship, the court must dismiss the case for lack of jurisdiction.  *Id.*

### III.  DISCUSSION

In this case, the Bartons' response to this court's Order to Show Cause and their proposed Amended Complaint fail to sufficiently allege the citizenship of the parties to support diversity jurisdiction under 28 U.S.C. § 1332.  While the Bartons have provided sufficient information to determine the citizenship of the Plaintiffs, they have not provided the necessary information to determine the citizenship of Defendant Nationwide, as required to show complete diversity between plaintiffs and defendants.  *See Triggs*, 154 F.3d at 1287.

In their response, the Bartons state that the record shows that they are domiciled in Alabama.  (Doc. 85 at 4–5).  Additionally, in their proposed Amended Complaint, the Bartons allege that they have lived at a specific home in Alabama since 2006, have never resided in any state other than Alabama, and intend to continue living in Alabama.  (Doc. 85-3 at 2).  Thus, the proposed Amended Complaint shows that the Bartons are domiciled in Alabama, as they reside in Alabama and intend to remain there.  *See Travaglio*, 735 F.3d at 1269.  The allegations of domicile establish that the Bartons are citizens of Alabama for the purposes of diversity jurisdiction.  *See id.*

The Bartons' proposed Amended Complaint also alleges that SADB is a

citizen of Alabama for the purposes of diversity jurisdiction. The proposed Amended Complaint alleges that SADB was incorporated in Shelby County, Alabama, and has a registered office in Sterrett, Alabama. (Doc. 85-3 at 2–3). The Bartons also include information from the Alabama Secretary of State showing that SADB was incorporated in Alabama in August of 2000, but then dissolved in December 2015. (*Id.* at 8). Thus, SADB was already dissolved when the Bartons filed their complaint in 2017. *See* (Doc. 1). A corporation that has dissolved "has no principal place of business." *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012). Since diversity jurisdiction is determined at the time a complaint is filed and SADB had no principal place of business in 2017, SADB was a citizen of Alabama, its state of incorporation. *See Thermoset Corp.*, 849 F.3d at 1317; 28 U.S.C. § 1332(c)(1). Accordingly, the record and the Bartons' proposed Amended Complaint show that the Plaintiffs in this case are all citizens of Alabama for the purposes of diversity jurisdiction.

The court finds no such basis for citizenship as to Defendant Nationwide. The Bartons' proposed Amended Complaint alleges that Defendant Nationwide is incorporated in Columbus, Ohio, and has a "principal address" in Columbus, Ohio. (Doc. 85-3 at 3). The Plaintiffs also include information from the Alabama Secretary of State providing Nationwide's state of incorporation and "principal address." (*Id.* at 9). However, nowhere in their response or their proposed

Amended Complaint do the Bartons allege Nationwide's principal place of business, as required for determining a corporation's citizenship.  *See* 28 U.S.C. § 1332(c)(1).  Instead, they merely state Nationwide's "principal address."  *See* (Doc. 85-2); (Doc. 85-3 at 3, 9).  As the Supreme Court suggested in *Hertz* and as the Eleventh Circuit held in *Wylie*, alleging a corporation's principal address as found on a form is not the same as alleging or showing the corporation's "nerve center" and principal place of business.  *See Hertz*, 559 U.S. at 92–93, 97; *Wylie*, 627 F. App'x at 758.  Because the Bartons have not alleged, and the record does not show, any facts regarding Nationwide's principal place of business, the court cannot determine Nationwide's citizenship for the purposes of establishing diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  Therefore, the Plaintiffs have not met their burden of proving diversity jurisdiction by alleging the citizenship of the parties such that "the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  *Travaglio*, 735 F.3d at 1268.

## IV.   CONCLUSION

Accordingly, based on the Bartons' response and proposed Amended Complaint, the court still cannot determine "that the parties were completely diverse," as requested in the Eleventh Circuit's Order remanding this case.  *See* (Doc. 83 at 2).  Because the court still cannot verify the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the court **ORDERS** the Plaintiffs **to file**

9

**on or before August 17, 2021,** an amended complaint properly alleging the citizenship of the parties in this case, such that the court can verify the existence of diversity jurisdiction. If the Plaintiffs again fail to properly allege citizenship for the purposes of diversity jurisdiction, this court will dismiss the case for lack of jurisdiction. Otherwise, the court will confirm the existence of diversity jurisdiction and return this case to the Eleventh Circuit.

    **DONE** and **ORDERED** this 10th day of August, 2021.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE